F I L E D
JAN 29 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

WILLIAM SHERROD HENDERSON,   )
                             )
            Plaintiff,       )
                             )
v.                           )     Civil Action No. 3:16CV61–HEH
                             )
FORMER CITY SHERIFF, *et al.*,   )
                             )
            Defendants.      )

## ORDER
**(Granting Plaintiff's Motion to Proceed *In Forma Pauperis*
and Dismissing the Complaint)**

THIS MATTER is before the Court on Plaintiff William Sherrod Henderson's

("Plaintiff") Application to Proceed *In Forma Pauperis*, received by the Clerk on January

7, 2016. Consistent with the requirements of Plaintiff's prefiling injunction, the Clerk

forwarded Plaintiff's Application to Chambers for review. Upon due consideration the

Court DIRECTS the Clerk to DOCKET Plaintiff's Application to Proceed *In Forma*

*Pauperis* and attachments thereto and ASSIGN the Application a civil case number. The

Court concludes that Plaintiff is unable to pay the required fees and, therefore, Plaintiff's

Application to Proceed *In Forma Pauperis* is hereby GRANTED. Plaintiff may proceed

in this case without paying the Court's filing fee.

Plaintiff included two Complaints with his Application. Upon review, the Court

finds that Plaintiff's prefiling injunction covers his first Complaint. Because he has failed

to comply with the terms of that prefiling injunction, the Court takes no further action on

the first Complaint.

Plaintiff brings his first Complaint against Henrico County, styling it as a Motion for Reconsideration Under Emotional Distress.  Essentially, Plaintiff asks this Court to reconsider Plaintiff's previous claims related to his former employment with Henrico County.  These claims originally gave rise to Plaintiff's prefiling injunction.  Plaintiff has not complied with the terms of the prefiling injunction by failing to explain new facts, circumstances, or evidence supporting his claims, failing to include a statement he understands conclusory statements of discrimination are insufficient, and failing to attach an affidavit certifying compliance with the prefiling injunction.

The Court determines that the prefiling injunction does not apply to the second Complaint.  Plaintiff brings his second Complaint against former City Sheriff Michelle B. Mitchell ("Mitchell"), Carolyn Grady ("Grady"), and Gary Sink ("Sink").  The Clerk is DIRECTED to file the second Complaint.  For the reasons set forth herein, however, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, and his Complaint must be dismissed.

The Court acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).  The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.*  Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).  As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be

2

required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Plaintiff brings this action against former City Sheriff Mitchell, Grady, and Sink, alleging that Grady, his then court-appointed attorney, forged his name on a guilty plea and misrepresented him in court. As a result, Plaintiff claims his criminal record "was left in falsify of a record, and there was no deposition taken." Plaintiff claims that Mitchell was the first one to influence the forgery. Additionally, he alleges that there "was no incident I B R first report from Central record to say what lead [sic] me to be convicted of stalking, and how many times that it was documented that [Plaintiff] was doing something to get charge[d] with a crime of that nature."

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Accordingly, the Court may "or, more precisely, must" raise issues of subject matter jurisdiction *sua sponte* if it appears at any time during the proceedings that the court's exercise of jurisdiction would be improper. Fed. R. Civ. P. 12(h)(3); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Plaintiffs have the burden of proving subject

matter jurisdiction. *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts also have jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *Id.* § 1332.

Except for the addition of "former City Sheriff" to the caption of his case, the allegations in Plaintiff's second Complaint mirror Plaintiff's Complaint in case number 3:15cv752. As the Court stated in its order dismissing his Complaint in that case, this Court had dismissed Plaintiff's materially identical allegations in at least two previous cases for failure to plead subject matter jurisdiction properly.[1]

For the reasons previously stated by this Court in case numbers 3:14CV684, 3:15CV345, and 3:15cv752 and because Plaintiff fails to delineate how the addition of "Former City Sheriff" implicates this Court's federal question or diversity jurisdiction, the Court DISMISSES without prejudice Plaintiff's second Complaint based on lack of subject matter jurisdiction. Plaintiff is free to amplify the factual and legal bases on which his claims rest and refile his claims.

---

[1] In case number 3:14CV684, this Court ultimately dismissed Plaintiff's Amended Complaint on December 18, 2014, for failure to plead subject matter jurisdiction adequately. In case number 3:15CV345, this Court dismissed Plaintiff's Complaint on June 18, 2015, because—other than adding Mitchell as a named defendant—Plaintiff offered no further details indicating this Court had jurisdiction over Plaintiff's claims.

Should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Clerk is directed to send a copy of this Order to Plaintiff, who is *pro se*.

It is so ORDERED.

_____/s/_____
Henry E. Hudson
United States District Judge

Date: Jan. 28, 2016
Richmond, VA

5